**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **MAGISTRATE NO. 26-mj-506** |
| STEPHEN CILURSO | : | **Hearing: Thursday, Mar. 26, 2026, at 1:30 p.m.** |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

This marks the fifth time in seven years that the defendant has stalked or threatened a public figure. The defendant's well-worn criminal pattern involves leveling a barrage of harassing communications filled with hateful and sexually crude attacks laden with misguided homophobic, racist, or misogynistic commentary, often even referencing the victims' children or grandchildren. As in the past, undeterred by warnings from law enforcement, the defendant has continued his efforts to intimidate his current victim through letters received as recently as March 24, 2026, in which he states in manipulative terms that he will take his own life and those of his three cats if the victim does not somehow intervene and thwart this prosecution. The defendant also recently revealed to law enforcement agents that he purchased a firearm because the mere presence of African-Americans in his neighborhood bothers him. In short, the defendant is unable to keep a lid on his rage and tends to escalate or shift blame when law enforcement seeks to correct his course.

Because no condition or combination of conditions will reasonably assure the safety of the community or the victim and witnesses in this case, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

## I.    THE FACTS

In support of this motion, the government makes the following representations and proposed findings of fact:

### A.    Probable Cause And The Evidence In This Case

1.    There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 2261A(2)(b) and 1512(d), as charged in the criminal complaint filed on March 23, 2026.

2.    The evidence in this case is strong.

a.    The defendant sent Victim 1 at least five anonymous letters beginning in 2019 until September 2025, attacking Victim 1 because of his sexual orientation, asking what would happen to Victim 1's children if something bad happened to Victim 1, threatening to release snakes on Victim 1's property, and stating that the defendant hoped the same thing would happen to Victim 1 that happened to Charlie Kirk (who was publicly shot and killed in September 2025). These letters caused Victim 1 to fear for the safety of himself, his husband, and his two small children. The defendant's fingerprints were identified on one of the letters and one of the envelopes.

b.    Upon being confronted by law enforcement on March 3, 2026, just as the defendant was arriving home from pleading guilty to harassing another public figure in New Jersey, the defendant admitted that he sent the aforementioned letters to Victim 1. The

defendant also admitted that he made harassing phone calls to Victims 4 and 5, referenced below.

        c.      Moreover, the defendant admitted to law enforcement that although he does not like guns, he acquired one because of his dislike of African-Americans and their presence in his neighborhood.

        d.      After agents confronted him on March 3, 2026, the defendant sent Victim 1 four additional letters in which he provided his true name, admitted to being the author of the letter referencing Charlie Kirk's killing and the letters referencing the release of snakes, and stated he saw a segment on television where he learned that Victim 1 was very afraid of snakes and therefore thought it would be funny to make this threat. The defendant also repeatedly stated in the four letters that Victim 1 should discontinue any involvement in the criminal investigation and that the defendant's life was in Victim 1's hands.

        e.      On March 17, 2026, the defendant was told by law enforcement agents not to contact Victim 1 again. He advised law enforcement he already had mailed the aforementioned four letters. Despite being expressly told to discontinue contacting Victim 1, the defendant then sent Victim 1 two *additional* letters. In one of these letters, the defendant wrote, "I will not go back to jail. . .." He further threatened to kill himself and his three cats via carbon monoxide poisoning and referenced his cancer diagnosis. He added, "drop the charges against me" and "let me live." In the second letter the defendant stated, "I do not ever want to go back to prison . . . don't let the FBI put me back there. . .." He then lamented the recent death of one of his cats while he was detained for harassing Victim 4 and wrote, "Just imagine if [Victim 1's children's names] [were] taken away from you."

- 3 -

f.      The letters to Victim 1 follow harassment and threat campaigns directed at four other public figures (Victims 2-5) who were sent similar repeated communications, including sexually explicit statements and references to some of the victims' children and grandchildren. In 2023, the defendant pled guilty to four counts of harassing Victim 2 in Montgomery County, PA and was sentenced to 360 days' probation. One year after finishing probation, he contacted Victim 2 and was warned by law enforcement that any further contact would result in additional charges. The defendant threatened to rape Victim 3 in a voicemail. The defendant pled guilty to harassing Victim 4 in New Jersey on March 2, 2026, and will be sentenced in May 2026. This was the result of 19 explicit phone messages. The investigation regarding harassing Victim 5 is ongoing.

B.      **Maximum Penalties**

The maximum penalty under 18 U.S.C. § 2261A(2)(B) is 5 years' imprisonment, a $250,000 fine, 3 years' supervised release, and a $100 special assessment. *See* 18 U.S.C. § 2261(b)(5). The maximum penalty under 18 U.S.C. § 1512(d) is 3 years' imprisonment, a $250,000 fine, 1 year of supervised release, and a $100 special assessment. The total maximum penalty defendant faces is 8 years' imprisonment, a $500,000 fine, 3 years' supervised release, and a $200 special assessment.

C.      **Criminal Record**

1.      The defendant has the following open cases: The defendant pled guilty to harassing Victim 4 in New Jersey on March 2, 2026, and will be sentenced in May 2026.

2.      The defendant has the following prior convictions: In 2023, the defendant pled guilty to four counts of harassing Victim 2 in Montgomery County, PA and was sentenced to 90 days' probation on each of four counts to run consecutively.

**D.      Lack Of Community Ties/Employment**

1.      The defendant reports he is retired and lives alone with his three cats.

## II.      CONCLUSION

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the safety of the community or the victim and witnesses in this case.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

David Metcalf
United States Attorney

*/s/ Michelle L. Morgan*
MICHELLE L. MORGAN
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

v.                                :          MAGISTRATE NO. 26-mj-506

STEPHEN CILURSO                   :

## PRETRIAL DETENTION ORDER

AND NOW, this         day of                    , 2026, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a)     the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1.     There is probable cause to believe that the defendant has violated 18 U.S.C. §§ 2261A(b)(2) and 1512(d).

2.     The evidence in this case is strong.

a.  The defendant sent Victim 1 at least five anonymous letters beginning in 2019 until September 2025, attacking Victim 1 because of his homosexuality, asking what would happen to Victim 1's children if something bad happened to Victim 1, threatening to release snakes on Victim 1's property, and stating that the defendant

hoped the same thing would happen to Victim 1 that happened to Charlie Kirk (who was publicly shot and killed in September 2025). These letters caused Victim 1 to fear for the safety of himself, his husband, and his two small children. The defendant's fingerprints were identified on one of the letters and one of the envelopes.

b.  Upon being confronted by law enforcement on March 3, 2026, just as the defendant was arriving home from pleading guilty to harassing another public figure in New Jersey, the defendant admitted that he sent the aforementioned letters to Victim 1. The defendant also admitted that he made harassing phone calls to Victims 4 and 5, referenced below.

c.  Moreover, the defendant admitted to law enforcement that although he does not like guns, he acquired one because of his dislike of African-Americans and their presence in his neighborhood.

d.  After agents confronted him on March 3, 2026, the defendant sent Victim 1 four additional letters in which he provided his true name, admitted to being the author of the letter referencing Charlie Kirk's killing and the letters referencing the release of snakes, and stated he saw a segment on the air where he learned that Victim 1 was very afraid of snakes and therefore thought it would be funny to make this threat. The defendant also repeatedly stated in the four letters that Victim 1 should discontinue any involvement in the criminal investigation and that the defendant's life was in Victim 1's hands.

e.  On March 17, 2026, the defendant was told by law enforcement agents not to contact Victim 1 again. He advised law enforcement that he already had mailed the

2

aforementioned four letters. Despite being expressly told to discontinue contacting Victim 1, the defendant then sent Victim 1 two *additional* letters. In one of these letters, the defendant wrote, "I will not go back to jail. . .." He further threatened to kill himself and his three cats via carbon monoxide poisoning and referenced his cancer diagnosis. He added, "drop the charges against me" and "let me live." In the second letter the defendant stated, "I do not ever want to go back to prison . . . don't let the FBI put me back there. . .." He then lamented the recent death of one of his cats while he was detained for harassing Victim 4 and wrote, "Just imagine if [Victim 1's children's names] [were] taken away from you."

f.   The letters to Victim 1 follow harassment and threat campaigns directed at four other public figures (Victims 2-5) who were sent similar repeated communications, including sexually explicit statements and references to some of the victims' children and grandchildren. In 2023, the defendant pled guilty to four counts of harassing Victim 2 in Montgomery County, PA and was sentenced to 360 days' probation. One year after finishing probation, he contacted Victim 2 and was warned by law enforcement that any further contact would result in additional charges. The defendant threatened to rape Victim 3 in a voicemail. The defendant pled guilty to harassing Victim 4 in New Jersey on March 2, 2026, and will be sentenced in May 2026. This was the result of 19 explicit phone messages. The investigation regarding harassing Victim 5 is ongoing.

3.    The total maximum statutory penalty defendant faces is 8 years' imprisonment, a $500,000 fine, 3 years' supervised release, and a $200 special assessment.

4.      The defendant has a significant criminal history. In 2023, the defendant pled guilty to four counts of harassing Victim 2 in Montgomery County, PA and was sentenced to 360 days' probation. The defendant pled guilty to harassing Victim 4 in New Jersey on March 2, 2026, and will be sentenced in May 2026.

5.      The defendant is retired and lives alone.

6.      The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge

of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HON. CAROLINE GOLDNER CINQUANTO
United States Magistrate Judge

4

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Motion for Pretrial Detention, and

Proposed Order was served by electronic mail, on the following defense counsel:

Elizabeth Toplin, Esq.
Assistant Federal Defender
601 Walnut Street
Suite 540 West
Philadelphia, PA 19106

*/s/ Michelle L. Morgan*
MICHELLE L. MORGAN
Assistant United States Attorney

Date:    March 25, 2026

5